IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA BROWN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.   ADC-23-2057 |
| WALMART, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant Walmart, Inc. has moved this Court to grant summary judgment in its favor and dismiss Plaintiff Lisa Brown's Complaint, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 105.[1] ECF No. 49-1. Specifically, Defendant argues that "there exists no genuine dispute of any material fact, and Defendant is entitled to judgment as a matter of law." *Id.* at 1. In response, Plaintiff files no opposition to Defendant's motion as to Counts III (Respondeat Superior), IV (Agency), and V (Res Ipsa Loquitur), but argues that a genuine dispute of material fact exists as to Count I (Negligence) and Count II (Negligence). ECF No. 50. After considering the Defendant's Motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023).

---

[1] On August 2, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 4. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 13.

1

For the reasons stated herein, the Court will DENY Defendant Walmart Inc.'s motion for summary judgment in part and GRANT it in part.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 20, 2020, at around 5:30pm, Plaintiff entered the Walmart Supercenter located at 6400A Ridge Road, Sykesville, Maryland 21784. ECF No. 36 at ¶ 7. Plaintiff came to this Walmart location to purchase poster frames. *Id.* at ¶ 9. Plaintiff claims she located poster frames that suited her interests, and that these frames were stocked "on a shelf about six feet high above the floor." *Id.* at ¶ 10. Then, Plaintiff alleges that she "reached up carefully to retrieve one of the poster frames from the shelf[,]" and when she pulled a single poster frame off the shelf, many poster frames fell, "suddenly and without warning," and struck Plaintiff on her right foot and left leg. *Id.* at 11.

Specifically, Plaintiff claims that her "right foot absorbed the impact of at least ten poster frames that fell from significant height with great force." *Id.* at 12. Plaintiff claims that an agent of Walmart then approached to assist Plaintiff, and further claims that this employee stated that the poster frames "were not displayed properly, and that the proper way to display the poster frames prevents them from falling from the shelf." *Id.* at 13. *Id.* Plaintiff filed an injury report with Walmart, Inc.'s store manager following the incident. *Id.* at 14.

Plaintiff proceeded to file suit against Walmart, Inc. in this Court on July 31, 2023. ECF No. 1. Plaintiff later amended her Complaint. ECF Nos. 2 and 36. In its current form, the Complaint contains five Counts. ECF No. 36. These include Negligence (Counts I and II), Respondeat Superior (Count III), Agency (Count IV), and Res Ipsa Loquitur (Count

V). *Id.* at 4-13. Defendant filed a motion for summary judgment with this Court on October 4, 2024. ECF No. 49-1.

## DISCUSSION

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See English v. Clarke*, 90 F.4th, 636, 645 (4th Cir. 2023) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted); *see also McMichael v. James Island Charter School*, 840 Fed.Appx. 723, 726 (4th Cir. 2020).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-

movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

**Analysis**

As I construe the motion, Defendant argues that they are entitled to summary judgment against Plaintiff's negligence claims because they reason that they had no actual or constructive notice of the alleged hazard at issue. ECF 49-1 at 6. However, Defendant further argues that Plaintiff was contributorily negligent, *Id.* at 16, and makes several other arguments against Counts III-V of Plaintiff's Complaint.

As an initial matter, a claim for negligence requires a plaintiff to prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[2] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020). It is further well-established in Maryland that the duty of care owed by an owner or occupier of the premises in "slip and fall" cases is determined by the owner's legal relationship to the person entering the premises. *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010) (per curiam). A business invitee is one who enters the property for a business purpose. *Rehn v. Westfield*

*America*, 153 Md.App. 586, 592–93 (2003) (citation omitted). One in possession of land and operating a store owes a business invitee "the duty of reasonable care for the protection of the business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F.Supp. 560, 562 (D.Md. 1988), aff'd, 872 F.2d 419 (4th Cir. 1989).

A storekeeper has a duty to protect a business invitee "against dangers which may arise from some ... unsafe condition ... [and] dangers which may be caused by negligent acts of his employees." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636–37 (1994) (quoting *Eyerly v. Baker*, 168 Md. 599, 607 (1935)). There are, however, limits to the duty. Liability for negligence is not presumed simply because a business invitee is injured on storekeeper's premises. *Rehn*, 153 Md.App. at 593. "The evidence must show not only that a dangerous condition existed, but also that proprietor had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove [the hazard] or to warn the invitee." *Id.* (citations omitted). Furthermore, evidence to support a negligence claim must be more than "mere speculation or conjecture": it must provide "a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 119 (1955) (quoting *Benedick v. Potts*, 88 Md. 52, 55 (1898)).

First, a plaintiff must prove the existence of the dangerous condition. *See Rehn*, 153 Md.App. at 593. While the Court normally does not resolve factual disputes, "a party's self-serving opinion ... cannot, absent objective corroboration, defeat summary judgment." *McCoy v. Biomet Orthopedics*, LLC, No. CV ELH-12-1436, 2021 WL 252556, at *21 (D. Md. Jan. 25, 2021) (quoting *CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658–59 (4th Cir.

2020)) (applying the stated principle to a motion for summary judgment on a negligence claim).

Here, Plaintiff has provided sufficient evidence to demonstrate the existence of a dangerous condition. Specifically, Plaintiff has provided her own testimony that describes how the various frames fell on her person, injuring her in the process. ECF 50-12 at 6. Plaintiff has further provided a "Customer Incident Report" she submitted at the time of the incident, along with an accompanying report from a witness that appears to corroborate her account. ECF 50-2; ECF 50-3; ECF 50-4. While Defendant has suggested that Plaintiff was contributorily negligent here, and "must have cause or contributed" to the incident, ECF No. 49-1 at 18, the kinds of determinations that Defendant asks the Court to make on this issue are the exclusive province of the jury. "The district court's 'function' is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Allstate Insurance Company v. Rochkind*, 381 F.Supp.3d 488, 507 (D.Md. 2019) (citing *Anderson*, 477 U.S. at 249). Therefore, "in considering a summary judgment motion, the court may not make credibility determinations." *Rochkind*, 381 F.Supp.3d 488 at 507 (citing *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)).

However, Plaintiff must further show that Defendant had notice of the dangerous condition. "A business invitor is deemed to have constructive notice of a hazardous condition on its premises when 'it appears that the storekeeper could have discovered the condition by the exercise of ordinary care.'" *Konka v. Wal-Mart Stores, Inc.*, 133 F.3d 915, 1998 WL 24378, at *3 (4th. Cir. 1998) (quoting *Rawls*, 207 Md. 113, 120 (1955)). To prove

6

constructive knowledge, it "is necessary for the plaintiff to show how long the dangerous condition has existed." *Joseph v. Bozzuto Management Co.*, 173 Md.App. 305, 316 (2007). Plaintiff cannot recover "unless it appears that the storekeeper could have discovered the condition by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it." *Rybas v. Riverview Hotel Corp.*, 21 F.Supp.3d 548, 567 (D.Md. 2014) (citing *Rawls*, 207 Md. at 120). Time on the floor evidence "is relevant, not only as to notice but also as to the issue of what care was exercised." *Rybas*, 21 F.Supp.3d at 568 (quoting *Maans v. Giant of Maryland, LLC*, 161 Md.App. 620, 639–40 (2005)).

Here, Defendant claims that it did not have actual or constructive notice of the alleged hazard. ECF No. 49-1 at 6. Plaintiff, on the other hand, claims that it has presented sufficient evidence, mainly in the form of expert testimony, that Defendant had prior actual or constructive notice of the dangerous condition. ECF No. 50-1 at 11. Specifically, Plaintiff stresses that it has "provided expert testimony that concludes the Defendant itself, and not some third party such as a customer, created the dangerous condition through the improper installation of the involved poster shelf that caused the shelf to fall at the time of the Incident." *Id.*

The expert report cited by Plaintiff concludes that the "failure of Walmart to install and maintain the shelf properly resulted in Ms. Brown's incident." ECF No. 50-16 at 7. Still, Defendant has questioned the reliability of Plaintiff's expert, asserting that his

7

conclusions represent nothing more than *ipse dixit*. ECF No. 51 at 4. As the parties have pointed out in their briefs, debates over how long the allegedly defective condition was in place weigh heavily on whether Defendant had notice of the alleged condition. *See, e.g.*, *Groat v. Wal-Mart Stores, Inc.*, No. WGC-10-235, 2010 WL 5391515, at *10 (D.Md. Dec. 20, 2010) ("Mrs. Groat has not presented any evidence about 'time on the floor' nor is there any statement by a Wal–Mart employee indicating the store was aware of the dangerous condition before Mrs. Groat slipped and fell."); *Maans v. Giant Of Maryland, L.L.C.*, 161 Md.App. 620, 640 (2005) ("Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury").

Additionally, both Plaintiff and Defendant base their arguments, at least in part, on the Court's reasoning in *Redmond v. Walmart Stores, Inc.*, 2024 WL 3638036, at *3 (D.Md. Aug. 2, 2024). In *Redmond*, a customer brought a negligence action against Walmart for personal injuries she sustained after soda bottles fell off a shelf and onto her person. *Id.* at *1. The Court granted Defendant's motion for summary judgment, dismissing the action, finding that the Plaintiff presented insufficient evidence on the issues of whether a dangerous or defective condition existed, and whether Walmart had notice of the condition. *Id.* at *5. Specifically, where it concerned the existence of a dangerous condition, the Court reasoned that "there is no evidence—from the personal observation of Ms. Redmond, or another witness, or from an expert opinion—that the shelf was broken or otherwise defective." *Id.* at *3. Furthermore, as to notice, the Court reasoned that given "the lack of

8

evidence regarding both the shelf's potential danger and the duration of its condition, no reasonable jury could conclude that Walmart had actual or constructive notice of the condition." *Id.*

Here, on the other hand, Plaintiff has supplied expert testimony and analysis that suggests Defendant improperly installed the shelf at issue, and that there was a "time on the floor" period of 52 days. ECF Nos. 50-15; 50-16. Additionally, as mentioned above, Plaintiff has provided contemporaneous reports of the incident that appear to bolster her claim that the shelf was installed improperly. ECF No. 50-3 (stating that "the top shelf had come down and was no longer able to hold the frames"). Given this evidence, there are sufficient facts at issue here for Plaintiff's claims to survive Defendant's motion for summary judgment.

Again, while Defendant questions the methods employed by Defendant's expert, these credibility determinations are left to the jury. Accordingly, this Court will deny Defendant's motion for summary judgment as to Counts I and II of Plaintiff's Complaint. However, Plaintiff has filed no opposition to Defendant's Motion for Summary Judgment where it concerns Counts III-V of Plaintiff's Complaint. ECF No. 50 at 1. It follows that this Court will grant Defendant's Motion as to these counts.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 49) is GRANTED in part and DENIED in part. A separate Order will follow.

Date:  November 6, 2024                                        /s/
                                                              A. David Copperthite
                                                              United States Magistrate Judge